**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action |
| | ) No. 07-05015-01/02-CR-SW-FJG |
| BRIAN KEITH ELLEFSEN | ) |
| and | ) |
| MARK EDWARD ELLEFSEN, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant Brian Ellefsen has filed a Motion to Suppress Communication Between Spouses in which he seeks a suppression order prohibiting the use in evidence of all communications between him and his former spouses, which arose during the periods of their respective marriages. [Doc. # 42]. He also requests that all information received and developed as a result of receipt of confidential and privileged communications between those spouses be similarly suppressed. The government has responded to that motion. [Doc. # 51].

It is defendant's position that two ex-wives, Ms. Lezlie Lilley and Ms. Sandra Ellefsen, were involved in interviews with IRS Special Agents. Defendant asserts that during interviews with Ms. Lilley and Ms. Ellefsen, the IRS improperly extracted confidential and privileged information protected under Mo. Rev. Stat. § 546.260. He contends that pursuant to the laws of Missouri, no spouse may be compelled to testify, and that state law strictly prohibits the disclosure of any confidential communication between husband and wife during permitted

1

testimony.  Defendant contends that the present discovery is filled with both confidential spousal communication and other evidence that he believes is "fruit of the poisonous tree" of these disclosures, and therefore, that all such evidence must be suppressed.

The government asserts that it does not intend to call Ms. Lilley as a witness in its case-in-chief, and that it has not yet decided whether it plans to call Ms. Sandra Ellefsen as a witness in its case-in chief.  It is also contended that defendant does not allege facts with sufficient specificity to apply the privilege to any statements made by defendant Brian Ellefsen, that he offers conclusory statements as to what the law requires, rather than legal argument, and that he cites no competent authority.  It is argued that a blanket exclusion sought by defendant of evidence regarding all communications between him and his former spouses that arose during their respective marriages is contrary to the well-established limits of the marital communications privileges.  The government contends that defendant has not set forth any facts to enable the Court to determine when any statements were made, whether there was an active marriage at the time, whether any third person was present when the statements were made, whether the statement was intended to be made in confidence, and whether the statement pertained to any patently criminal activity, which would exempt the statement from the privilege.

Further, the government asserts that the motion is improperly styled as a motion to suppress because the privilege at issue is not constitutionally grounded.   The government requests that this Court deny the motion as being improperly styled as a motion to suppress, and that the issue of the marital communication privilege be raised in the context of an actual witness's impending trial testimony.

2

Having fully reviewed the record and applicable law, the Court finds that it must be recommended that defendant Brian Ellefsen's Motion to Suppress Communication Between Spouses be denied without prejudice.

At issue in this case is the marital confidential communication privilege, which "prohibits testimony concerning statements privately communicated between spouses during their marriage." United States v. Jackson, 939 F.2d 625, 627 (8th Cir. 1991), citing United States v. Lilley, 581 F.2d 182, 189 (8th Cir. 1972). The privilege extends only to words or acts that are intended as a communication to the other spouse. United States v. Smith, 533 F.2d 1077 (8th Cir. 1976). The communication must also occur during a time when the marriage is valid under state law and the couple is not permanently separated. Jackson, 939 F.2d at 627. Finally, the communication must be made in confidence; it cannot be made in the presence of a third party, and the communicating spouse cannot intend for it to be passed on to others. See United States v. McConnell, 903 F.2d 566, 572 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991).

In this case, defendant has failed to demonstrate that any communication that he might be challenging falls within the legal contours of privileged marital confidential communications.

Additionally, defendant has improperly styled his motion as a motion to suppress. It is clear that the marital confidential communication privilege is an "evidentiary rule of exclusion and does not have a constitutional foundation." See United v. McVeigh, 940 F. Supp. 1541, 1565 (D. Co. 1996). Rather, the issue of privilege should be addressed, if at all, at the proper stage of the trial proceedings in the context of a witness's impending trial testimony, or through a motion in limine that sets forth the communications defendant wants to exclude with sufficient specificity and in accordance with applicable law on marital confidential communication

Case 3:07-cr-05015-DGK    Document 67    Filed 06/30/08    Page 3 of 4

privilege. See United States v. Espino, 317 F.3d 788, 794-95 (8th Cir. 2003) (the Eighth Circuit has construed Fed. R. Evid. 501 to mean that federal courts follow the federal common law with respect to privileges in federal criminal proceedings). Accordingly, it will be recommended that defendant's Motion to Suppress Communication Between Spouses be denied without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Communication Between Spouses be denied without prejudice.


     /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge


Date:_____